UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| KEVIN DOUGLAS DYER, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 2:11-cv-00021 |
| | ) | Judge Sharp |
| v. | ) | |
| PUTNAM COUNTY SHERIFF'S DEPARTMENT et al., | ) ) ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, resides in Bloomington Springs, Tennessee. He brings this action under 42 U.S.C. § 1983 against "the Putnam County Sheriff's Department–Corrections Officers and Medical Staff." (Docket No. 1 at p. 4). The plaintiff's claims concern events that he alleges occurred while he was incarcerated at the Putnam County Justice Center earlier this year. The plaintiff seeks punitive damages in the amount of $50,000, restitution payments to Putnam County, and "relief of duty" for certain officers and staff in question. (*Id*. at p. 5).

Because the plaintiff is proceeding *pro se* and *in forma pauperis*, the court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915. *Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or

1

fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

The plaintiff alleges a deprivation of his rights under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The complaint alleges that, on more than one occasion during his incarceration, the defendants gave the plaintiff medication other than that which he requested or was prescribed. (Docket No. 1 at p. 5). For example, the plaintiff alleges that, on February 3, 2011, he sought two (2) Tylenol and, instead, corrections officer Dildine gave the plaintiff two (2) 150 mg. Trazodone pills.[1] (*Id.*) According to the plaintiff, the Trazodone pills were the prescription medication of another inmate, who then had to go without his medication. (*Id.*) The plaintiff alleges that, although the plaintiff did not take the Trazodone, he was transported by the defendants to a hospital to have his blood tested for Trazodone. (*Id.*)

---

[1] According to PubMed Health, Trazodone is a prescription medication used to treat depression. It is in a class of medication called serotonin modulators. It can also be used to treat insomnia, anxiety, and schizophrenia. It has a long list of potential side effects. *See* www.ncbi.nlm.nih.gov/pubmedhealth.

As stated above, § 1983 creates a cause of action against any "person" who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. For purposes of § 1983, "person" includes individuals and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).

The plaintiff's § 1983 complaint identifies "the Putnam County Medical Staff" as a defendant in this action. (Docket No. 1 at p. 4). However, a jail's medical department is not a "person" for § 1983 purposes; therefore, the plaintiff cannot name a medical department or unnamed medical "staff" as a defendant but rather must name individual persons as defendants. *See Brown-Rogers v. Bradley County Jail Med. Dep't,* 2007 WL 1490538, at *3 (E.D. Tenn. May 21, 2007)(noting that a jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued); *Sullivan v. Hamilton County Jail Staff,* 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006)(same). The complaint specifically indicates that no defendants are sued in their individual capacities. (Docket No. 1 at p. 4). Accordingly, the plaintiff's claim against "the Putnam County Medical Staff" fails as a matter of law.

The crux of the plaintiff's complaint is that the remaining defendants, who are neither licensed nor bonded to dispense prescription medications to inmates, are in fact dispensing prescription medication, and that such a practice violates Tennessee law, specifically Tenn. Code Ann. § 68-1-904. However, violations of state law are not actionable under § 1983, and "[s]tate rather than federal courts are the appropriate institutions to enforce state rules." *Pyles v. Raisor*, 60 F.3d 1211, 1216 (6th Cir. 1995)(quoting *Archie v. Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988), *cert.*

*denied*, 489 U.S. 1065 (1989). Thus, the allegation fails to state a claim upon which can be granted under § 1983 as to all remaining defendants.

Because the plaintiff is proceeding *pro se*, the court liberally construes the plaintiff's complaint to also assert an Eighth Amendment claim based on the medical treatment he received at the justice center. However, the plaintiff does not allege that he suffered any harm as a result of the hospital blood test he was forced to undergo. Nor does the plaintiff allege that he ingested the incorrect medication and suffered harm or, conversely, suffered harm because he did not receive the particular medication he requested. The court notes that the plaintiff cannot raise any claims of inmate Robert Davis, who alleges that he had to go without his prescribed Trazodone when his medication was incorrectly given to the plaintiff. (*See* Attach. to Docket No. 1).

The court acknowledges the plaintiff's concern that errors may be occurring in the Putnam County Justice Center with regard to the dispensing of prescription medication. The instant complaint, however, does not state claims upon which relief can be granted as to this plaintiff. In the absence of allegations warranting relief, the plaintiff's claims will be dismissed with prejudice.

An appropriate Order will be entered.

                                                        Kevin H. Sharp
                                                      United States District Judge